*W. O. Bradley, M. C. Saufley, for appellee.*

---

FIRST NATIONAL BANK OF SPRINGFIELD *v.* CHARLES DAWSON.

[Abstract Kentucky Law Reporter, Vol. 2—230.]

**Non est Factum.**

A plea of non est factum is supported by proof showing that a note after execution was altered so as to provide for interest from date instead of after maturity, as it originally provided; and where the consideration for the note was the sale of cattle an action may still be maintained for the price of the cattle, but this must be by the original payee or his assignee.

APPEAL FROM NELSON CIRCUIT COURT.

February 7, 1881.

OPINION BY JUDGE PRYOR:

The single issue made in this case is: Was the note after its execution and delivery to the payee by Dawson altered without his consent so as to increase the extent of his liability? If so, the plea of non est factum was proper and released the obligor. As the note was originally printed it read so as to make the obligor responsible for interest at the rate of eight per cent. from date of maturity until paid. The words "of maturity" seem to have been erased, leaving the note to read "interest from date until paid." This was a material alteration in the paper, and if made without Dawson's consent destroyed the effect of the obligation. That it was altered after the execution and delivery and without the knowledge of Dawson the proof conduces strongly to show; and, the issue being purely a legal one, this court will not disturb the finding of the court below.

The appellant has introduced proof tending to the opposite conclusion, but the weight of the evidence on the issue is with the appellee; and if not, the verdict or judgment must stand unless palpably against the weight of the testimony. The appellant, although

purchasing the note in good faith, can not be substituted on his own motion to the rights of the original payee so as to institute an action in its own name on the original consideration, and particularly when the payee was not a party to the amended petition offered for that purpose. We think it was proper to dismiss the action or render a judgment for the defendant as the court did, and remand the parties to their action to recover the price of the cattle sold; and this right is not in the appellant, but in the original payee or his assignee.

There is no proof in the record showing that the payments made to the parties from moneys received on the sale of stock was made in contemplation of insolvency and with a design to prefer these creditors. The judgment is therefore *affirmed.*

*E. E. McKay,* for *appellant.*
*Muir & Wickliffe,* for *appellee.*